**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANTONY STEVENS ESTEBAN-ESPINOZA,

Petitioner,

v.

WARDEN FACILITY ADMINISTRATOR, ADELANTO ICE PROCESSING CENTER, ET AL.,

Respondents.

Case No. 5:26-cv-04528-JGB-AJR

**JUDGMENT**

## I.

## INTRODUCTION & PROCEDURAL HISTORY

On August 11, 2026, Petitioner Antony Stevens Esteban-Espinoza (A# 246-161-332) ("Petitioner"), an immigration detainee proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention in immigration custody. (Dkt. 1 at 1-4.) Also on August 11, 2026, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order (the "*Ex Parte* Application"), seeking immediate release from custody. (Dkt. 3 at 1-3.) On August 12, 2026, the Court issued an Order Enjoining Respondents from

Transferring Petitioner and Directing Respondents to File a Response to Petitioner's *Ex Parte* Application. (Dkt. 7.) On August 13, 2026, Respondents Warden Facility Administrator, Adelanto ICE Processing Center, Field Office Director, Immigration and Customs Enforcement ("ICE"), David J. Venturella, Acting Director, ICE, Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"), and Todd Blanche, Attorney General of the United States (collectively, "Respondents") filed a Reply to the *Ex Parte* Application (the "Reply"), in which Respondents stated that they "are not presenting an opposition argument at this time as to the Petition or TRO." (Dkt. 9 at 2.)

Therefore, on August 14, 2026, the Court issued an Order Granting Petitioner's *Ex Parte* Application for Temporary Restraining Order and directed Respondents to immediately release Petitioner from custody. (Dkt. 11 at 5.) On August 19, 2026, Respondents filed a Status Report Confirming Petitioner's Release from Immigration Detention, which confirmed that Petitioner was released from custody on August 14, 2026. (Dkt. 12.) Since Petitioner's release from custody, the Court has received returned mail sent to Petitioner's last known address at the Adelanto ICE Processing Center, including the Courts' Order Granting Petitioner's *Ex Parte* Application for Temporary Restraining Order. (Dkts. 15, 16.) Because Petitioner was not represented by counsel, the Court does not have any current address for Petitioner. **For the reasons set forth below, the Court enters Judgment DISMISSING THIS ACTION WITHOUT PREJUDICE as MOOT.**

## II.
## LEGAL STANDARD

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."

U.S. Const. art. III, § 2. The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." De Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted). Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)). "Mootness is a question of law, and federal courts must consider mootness *sua sponte*." Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted). If a case is moot, the court lacks subject matter jurisdiction and must dismiss the action. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Mootness is jurisdictional.").

In the habeas context, a petition brought under 28 U.S.C. § 2241 must present a live controversy throughout the litigation. See Spencer, 523 U.S. at 7; Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990). Where a petitioner challenges only the legality or duration of detention, the petition becomes moot once the petitioner is released from custody or removed, unless the petitioner demonstrates continuing "collateral consequences" that are likely to be redressed by a favorable judicial decision. See Spencer, 523 U.S. at 7 ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now–ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); Zegarra–Gomez v. I.N.S., 314 F.3d 1124, 1127 (9th Cir. 2003) ("We also agree that the case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual

collateral consequences of his removal."); Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007).

## III.

## DISCUSSION

The instant Petition sought to challenge Petitioner's detention in immigration custody. (Dkt. 1 at 1-4.) However, Petitioner was released from immigration custody on August 14, 2026. (Dkt. 12.) As a result, Respondents have no ability to provide any further relief. Accordingly, the Court concludes that there is no longer a live case or controversy. See Abdala, 488 F.3d at 1065 (holding that, upon petitioner's deportation, there was "no extant controversy for the district court to act upon" because the petition challenged only the length of detention and alleged no redressable collateral consequences); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin–Peron has requested only release from custody. Because he has been released, there is no further relief we can provide.").

Moreover, there is no basis in the current record to suggest that any exception to the mootness doctrine applies. Petitioner does not allege, and the record does not suggest, that Petitioner's release from custody gives rise to any collateral consequences that are redressable by a favorable decision on the Petition. See Spencer, 523 U.S. at 14. Accordingly, because Petitioner is no longer detained, there is no live case or controversy, and the Court cannot grant any further relief. The Petition is therefore moot and this Court lacks jurisdiction to consider it.

The Court also notes that this action is subject to dismissal pursuant to Local Rule 41-6, because the Court has no current address of record for Petitioner. Local Rule 41-6 states as follows:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

C.D. Cal. L.R. 41-6. Here, the Court received mail returned from Petitioner's address of record at the Adelanto ICE Processing Center on August 28, 2026, and August 31, 2026. (Dkts. 15, 16.) More than fourteen days has passed and the Court has not received a notice of change of address. The Court has no way of communicating with Petitioner and therefore cannot move this case forward. Therefore, this action is subject to dismissal without prejudice under Local Rule 41-6.

## IV.

## CONCLUSION

For all the foregoing reasons, IT IS HEREBY ADJUDGED that this action is DISMISSED WITHOUT PREJUDICE as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 24, 2026

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE